**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
7095 Indiana Ave Ste 200
Riverside, CA 92506
(951) 682-9311
Email: tpacker@grechpackerlaw.com

**LAW OFFICES OF ARSANY A. SAID**
Arsany A. Said (SBN302913)
6185 Magnolia Ave. Pmb 276
Riverside, CA 92506-2524
Email: arsany.said@gmail.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL MARTINEZ<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF RIVERSIDE, DEPUTY LOMELI, DEPUTY SANDOVAL; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | CASE No.:  5:22-cv-1248<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. 42 U.S.C. § 1983 (Unreasonable detention and Arrest)<br>2. 42 U.S.C. § 1983 (Unreasonable Search and Seizure – Excessive Force)<br>3. 42 U.S.C. § 1983 (Municipal Liability – Unconstitutional Custom, Practice, or Policy)<br>4. 42 U.S.C. § 1983 (Municipal Liability – Failure to Train)<br>5. 42 U.S.C. § 1983 (Municipal Liability – Ratification)<br>6. Battery<br>7. Negligence<br>8. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff SAUL MARTINEZ for his Complaint against COUNTY OF RIVERSIDE, DEPUTY LOMELI, DEPUTY SANDOVAL; and DOES 1-10, inclusive and hereby alleges as follows:

**INTRODUCTION**

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the use of force on PLAINTIFF on November 25, 2021.

2. Defendant DEPUTY LOMELI caused PLAINTIFF'S injuries when he repeatedly punched him in the face and laid on him with full force until PLAINTIFF could not breathe and lost consciousness.

3. Defendant DEPUTY SANDOVAL caused PLAINTIFF'S injuries when he repeatedly punched him in the face and laid on him with full force until PLAINTIFF could not breathe and lost consciousness.

4. DOES 1-6, inclusive, ("DOE DEPUTIES") caused various injuries herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident.

5. Defendants COUNTY OF RIVERSIDE and DOES 7-10, inclusive, also caused various injuries and are liable under federal law and under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

6. This action is in the public interest as PLAINTIFF seeks by means of this civil rights action to hold accountable those responsible for the serious bodily injury inflicted by DEFENDANTS, including DEPUTIES LOMELI

and SANDOVAL, and COUNTY OF RIVERSIDE'S ratification, failure to train, and policy of inaction in the face of serious constitutional violations, as well as the unlawful custom and practice with respect to the use force.

## THE PARTIES

7.     At all relevant times, PLAINTIFF was an individual residing in Riverside County, California.

8.     Defendant COUNTY OF RIVERSIDE is a political subdivision of the State of California that is within this judicial district.   COUNTY OF RIVERSIDE is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Riverside County Sheriff's Department and its agents and employees.  At all relevant times, Defendant COUNTY OF RIVERSIDE was responsible for assuring that actions, omissions, policies, procedures, practices, and customs of the Riverside County Sheriff's Department and its employees and agents complied with the laws of the United States and the State of California.  At all relevant times, COUNTY OF RIVERSIDE was the employer of Defendants LOMELI, SANDOVAL, and DOES 1-10.

9.     Defendant DEPUTY LOMELI ("LOMELI") is a sheriff's deputy working for the Riverside County Sheriff's Department.  At all relevant times, LOMELI was acting under color of law within the course and scope of his duties as a deputy working for the Riverside County Sheriff's Department.  At all relevant times, LOMELI was acting with the complete authority and ratification of his principal, COUNTY OF RIVERSIDE.

10.     Defendant DEPUTY SANDOVAL ("SANDOVAL") is a sheriff's deputy working for the Riverside County Sheriff's Department.  At all relevant times, SANDOVAL was acting under color of law within the course and scope

COMPLAINT FOR DAMAGES

of his duties as a deputy working for the Riverside County Sheriff's Department.  At all relevant times, SANDOVAL was acting with the complete authority and ratification of his principal, COUNTY OF RIVERSIDE.

11.   Defendants DOES 1-6, inclusive, are deputies for the Riverside County Sheriff's Department.  At all relevant times, these Defendants were acting under color of law within the course and scope of their duties as Riverside County Sheriff's Department deputies and at other times they were working in their personal capacity as individuals outside the scope of their employment.  At all relevant times, DOES 1-6, inclusive, were acting with the complete authority and ratification of their principal, COUNTY OF RIVERSIDE.

12.   Defendants DOES 7-10, inclusive, are managerial, supervisorial, or policymaking employees of the Riverside County Sheriff's Department who were acting under color of law within the course and scope of their duties as supervisorial officers for the Riverside County Sheriff's Department.  DOES 7-10, inclusive, were acting with the complete authority of their principal, COUNTY OF RIVERSIDE.

13.   PLAINTIFF is ignorant of the true names and capacities of Defendants DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. PLAINTIFF will amend the complaint to allege the true names and capacities of those defendants when the same has been ascertained. PLAINTIFF is informed, believes, and on that basis alleges, that DOES 1-10, inclusive, and each of them, are responsible in some manner for the occurrences alleged herein and proximately caused PLAINTIFF'S damages.

14.   On information and belief, DOES 1-10, inclusive, were at all relevant times residents of the County of Riverside.

15.     PLAINTIFF is informed and believes, and on that basis alleges, that Defendants acted at all times mentioned herein as the actual and/or ostensible agents, employees, servants or representatives of each other and, in doing the activities alleged herein, acted within the scope of their authority as agents and employees, and with the permission and consent of each other.

16.     PLAINTIFF is informed and believes, and on that basis alleges, that at all times mentioned herein all Defendants acted under color of law, statute, ordinance, regulations, customs and usages of the State of California and COUNTY OF RIVERSIDE.

17.     All Defendants who are natural persons, including DOES 1-10, inclusive, are sued individually and/or in his/her capacity as officers, deputies, investigators, sergeants, captains, commanders, supervisors, and/ or civilian employees, agents, policy makers, and representatives of the Riverside County Sheriff's Department.

18.     PLAINTIFF suffered serious bodily injury as a direct and proximate result of the actions of Defendants LOMELI, SANDOVAL, and DOES 1-10 inclusive.  Defendants LOMELI, SANDOVAL, and DOES 1-10 are directly liable for PLAINTIFF'S injuries under federal law pursuant to 42 U.S.C. § 1983.

19.     On January 31, 2022, PLAINTIFF timely filed a claim for damages with the COUNTY OF RIVERSIDE pursuant to applicable sections of the California Government Code.

20.     On February 1, 2022, the claim was rejected as insufficient.

21.     On February 8, 2022, PLAINTIFF timely filed an amended claim for damages with the COUNTY OF RIVERSIDE pursuant to applicable sections of the California Government Code.

22.    On February 9, 2022, the clerk of the Board of Supervisors for COUNTY OF RIVERSIDE sent a notice rejecting PLAINTIFF's claim.

## JURISDICTION AND VENUE

23.    The Court has jurisdiction over PLAINTIFF'S claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because PLAINTIFF asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.   The Court has jurisdiction over PLAINTIFF's state law claims pursuant to 28 U.S.C. § 1367.

24.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), because all incidents, events, and occurrences giving rise to this action occurred within this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

25.    PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 24, inclusive, as if fully set forth herein.

26.    PLAINTIFF sustained injuries, including but not limited to pain and suffering when Defendants LOMELI, SANDOVAL, and DOES 1-6 repeatedly punched him in the face and laid on him until he could not breathe and lost consciousness.

27.    On November 25, 2021, Defendant deputies LOMELI, SANDOVAL and DOES 1-6 stopped PLAINTIFF and detained him while he was walking in a residential neighborhood.   Defendant deputies LOMELI, SANDOVAL, and DOES 1-6 had no reasonable suspicion to detain PLAINTIFF and no probable cause to arrest him simply because he was walking at night in a residential neighborhood.

28.    Defendant deputies LOMELI, SANDOVAL and DOES 1-6 stopped PLAINTIFF by throwing him against a patrol car and seeking to place

handcuffs on him.  Defendant deputies LOMELI, SANDOVAL and DOES 1-6 had no reason whatsoever to conclude that PLAINTIFF had committed any crimes but sought to arrest him anyway.

29.   PLAINTIFF complied with Defendant deputies LOMELI, SANDOVAL and all other deputies' commands. PLAINTIFF had no weapons of any kind in his hands or within his reach.  PLAINTIFF made no efforts to escape from the deputies and was not being assaultive to the deputies. PLAINTIFF did not present a danger to the deputies or anyone else throughout the encounter.

30.   Despite his compliance and the lack of any cause to substantiate an arrest, Defendant deputies LOMELI, SANDOVAL and DOES 1-6 threw PLAINITFF to the ground and began punching PLAINTIFF repeatedly in the face.  While Defendant deputies LOMELI, SANDOVAL and DOES 1-6 punched PLAINTIFF, Defendant LOMELI laid on top of PLAINTIFF with his full force notwithstanding that he was complying with their commands, was not armed, and presented no danger to Defendant deputies LOMELI, SANDOVAL, DOES 1-6, or anyone else.

31.   Defendant LOMELI remained on top of PLAINTIFF while PLAINTIFF struggled to breathe.  PLAINTIFF continued to comply with commands, was not armed, and presented no danger to deputies or anyone else.  Still, as PLAINTIFF struggled to breathe, Defendant LOMELI stayed on top of PLAINITFF until PLAINTIFF could no longer breathe at all and lost consciousness.

32.   Even though PLAINTIFF was not resisting, PLAINTIFF had the right to resist excessive force.

COMPLAINT FOR DAMAGES

33.   PLAINTIFF was subjected to unreasonable and excessive force, inflicted when he was repeatedly punched in the face, tackled to the ground, and pinned down such that he could not breathe and lost consciousness.

34.   From the first moment PLAINTIFF heard deputy commands he complied and never made any movement or indication of any kind that he intended not to comply.  PLAINTIFF was not combative or assaultive in any way.

35.   As a result of being repeatedly punched, thrown to the ground, and asphyxiated, PLAINTIFF experienced serious bodily injury, including persistent headaches and vision loss, which require corrective lenses.

36.   The use of force was excessive and objectively unreasonable under the circumstances, especially because PLAINTIFF was unarmed, was compliant with officer commands, and did not pose an immediate threat to anyone.

## FIRST CLAIM FOR RELIEF

### Unreasonable Detention and Arrest (42 U.S.C. § 1983)

(By PLAINTIFF against deputies LOMELI, SANDOVAL and DOES 1-6, inclusive)

37.   PLAINTIFF repeats and re-alleges each and every allegation of paragraph 1 through 36, inclusive, as if fully set forth herein.

38.   The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy.  42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

39.   Defendants LOMELI, SANDOVAL and DOES 1-6 acted under color of law.

COMPLAINT FOR DAMAGES

40. On November 25, 2021, without cause, Defendants LOMELI, SANDOVAL and DOES 1-6 detained PLAINTIFF without reasonable suspicion and without probable cause.  They detained PLAINTIFF by stopping him without cause, throwing him against their car without cause, repeatedly punching him in the face without case, and asphyxiating him without cause.

41.  The conduct of Defendants LOMELI, SANDOVAL and DOES 1-6 violated PLAINTIFF'S right to be free from unreasonable search and seizure, which is guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42.  As a result of Defendants LOMELI, SANDOVAL and DOES 1-6's conduct, Defendants LOMELI, SANDOVAL and DOES 1-6 are liable to PLAINTIFF for PLAINTIFF'S injuries either by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident.

43.  On information and belief, the conduct of Defendants LOMELI, SANDOVAL and DOES 1-6 was willful, wanton, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants LOMELI, SANDOVAL and DOES 1-6.

44.  Because of the unreasonable detention and arrest of PLAINTIFF, PLAINTIFF'S constitutional rights were violated.  As a result, Defendants LOMELI, SANDOVAL and DOES 1-6 are liable for violating those rights and liable for PLAINTIFF'S severe pain and suffering for which he is entitled to recover damages.

45.  PLAINTIFF brings this claim and seeks damages for his past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity under this claim.

46.   PLAINTIFF also seeks attorney's fees and costs under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**

(By PLAINTIFF against Defendants LOMELI, SANDOVAL and DOES 1-6 inclusive)

47.   PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 46, inclusive, as if fully set forth herein.

48.   The Fourth Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by police officers.

49.   When Defendants LOMELI, SANDOVAL and DOES 1-6, inclusive, stopped PLAINTIFF, threw him against their car, repeatedly punched him in the face, and asphyxiated him to the point of unconsciousness, PLAINTIFF was not threatening any person, and PLAINTIFF never verbally threatened any person, including DEFENDANTS.

50.   PLAINTIFF never threatened anyone, made no aggressive movements toward anyone, made no furtive gestures, and no physical movements that would reasonably suggest to the DEFENDANTS that PLAINTIFF was attempting, willing, or intending to inflict harm to anyone.

51.   Throughout the incident, PLAINTIFF presented no immediate threat to the safety of the deputies or others.

52.   Defendants LOMELI, SANDOVAL and DOES 1-6, used excessive and unreasonable force, including deadly force, against PLAINTIFF.  DEFENDANTS failed to issue any warning that they would use force, before they threw him against their car, repeatedly punched him in the face, and asphyxiated him to the point of unconsciousness.  PLAINTIFF was

not an immediate threat to DEFENDANTS or anyone else when DEFENDANTS used excessive and unreasonable force on PLAINTIFF.

53.    Defendants LOMELI, SANDOVAL and DOES 1-6 caused various injuries herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident.  DEFENDANTS' acts and omissions deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to State Actors by the Fourteenth Amendment.

54.    As a direct result of the aforesaid acts and omissions of Defendants LOMELI, SANDOVAL and DOES 1-6, PLAINTIFF suffered great physical and mental injury, fear and emotional distress related to his physical injuries, and loss of his earning capacity in an amount according to proof.

55.    The conduct of Defendants LOMELI, SANDOVAL and DOES 1-6 alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and warrants the imposition of exemplary and punitive damages in an amount according to proof.

56.    Defendants LOMELI, SANDOVAL and DOES 1-6 were acting under color of state law and within the course and scope of their employment as deputies for the COUNTY OF RIVERSIDE.

57.    PLAINTIFF seeks damages for his past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity under this claim.

58.    PLAINTIFF also seeks attorneys' fees and costs under this claim.

COMPLAINT FOR DAMAGES

### THIRD CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

(By PLAINTIFF against COUNTY; and DOES 7-10, inclusive)

59.     PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 58, inclusive, as if fully set forth herein.

60.     Defendants LOMELI, SANDOVAL and DOES 1-6, inclusive, acted under color of state law.

61.     Defendants LOMELI, SANDOVAL and DOES 1-6, inclusive, acted pursuant to an expressly adopted fiscal policy or longstanding practice or custom of the DEFENDANT COUNTY OF RIVERSIDE, and DOES 7-10, inclusive.

62.     On information and belief, Defendants LOMELI, SANDOVAL and DOES 1-6, inclusive, were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with deprivation of PLAINTIFF'S rights.

63.     DEFENDANTS COUNTY OF RIVERSIDE, and DOES 7-10, inclusive, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)     Using excessive and unreasonable force, including deadly force on unarmed persons who do not pose an immediate risk of death or serious bodily injury to others;

(b)     Providing inadequate training regarding the use of force,;

(c)     Providing inadequate training regarding de-escalation;

(d)     Employing and retaining as police officers, individuals such as Defendants LOMELI, SANDOVAL and DOES 1-6, inclusive, who

DEFENDANT COUNTY OF RIVERSIDE, and DOES 7-10, inclusive, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(e)     Inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputies, and other personnel, including Defendants LOMELI, SANDOVAL and DOES 1-6, inclusive, who COUNTY knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits;

(f)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by deputies of the COUNTY OF RIVERSIDE;

(g)     Failing to adequately discipline COUNTY OF RIVERSIDE deputies for the above-mentioned categories of misconduct, including inadequate discipline and "slaps on the wrist," discipline that is so slight as to be out of proportion with the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(h)     Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which officers do not report other officers' errors, misconduct, or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing.

64.     By reason of the aforementioned acts and omissions, PLAINTIFF has endured substantial pain and suffering.

65.   DEFENDANTS COUNTY OF RIVERSIDE, and DOES 7-10, inclusive, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein.  Despite having knowledge as stated above, these DEFENDANTS condoned, tolerated and through actions and inactions thereby ratified such policies.   Said DEFENDANTS also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF and other individuals similarly situated.

66.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DEFENDANTS COUNTY OF RIVERSIDE, and DOES 7-10, inclusive, acted with intentional, reckless, and callous disregard for the PLAINTIFF'S Constitutional rights.  Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by DEFENDANTS COUNTY OF RIVERSIDE and DOES 7-10, inclusive, were affirmatively linked to and were a significantly influential force behind PLAINTIFF'S injuries.

67.   The acts of each of DEFENDANTS DOES 7-10, inclusive, were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages as to DOES 7-10, inclusive.

68.   Based on information and belief, the following are only a few examples of cases evidencing Defendant COUNTY'S unconstitutional policies, where the involved deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the County of

Riverside routinely ratifies such behavior and maintains a practice of allowing such behavior:

(a)     In *A.F., et al. v. County of Riverside, et al.*, case number 5:15-cv-01603, Defendant COUNTY settled with the family of a man who was attacked by a K-9 and shot by COUNTY sheriff's deputies;

(b)     In *Howard v. County of Riverside, et al.*, case number 5:12-cv-00700, Defendant COUNTY argued that the use of deadly force against an unarmed individual was reasonable; a federal jury found otherwise and returned a verdict in favor of plaintiff, an unarmed man who suffered a severe brain injury and partial paralysis after a use of force by a COUNTY sheriff's deputy;

(c)     In *Travillion v. County of Riverside*, case number EDCV 14-0003 VAP (DTBx), the COUNTY settled with the family of a man who was killed as a result of a use of force by a COUNTY Sheriff's deputy;

(d)     In *Bosch v. County of Riverside*, case number EDCV 13-02352 (SVW)(FFM), the COUNTY settled with the family of an unarmed man who was killed by a use of force by a COUNTY Sheriff's deputy;

(e)     In *Castillo v. County of Riverside*, case number EDCV 13-00789 VAP (SPx), the COUNTY settled with the family of a man who was killed by a use of force by a COUNTY sheriff's deputy;

(f)     In *Munoz v. County of Riverside*, case number RIC120794, plaintiff argued that the involved COUNTY Sheriff's deputy used deadly force against her son at a time when he posed no immediate threat.  The jury in that case returned a verdict in favor of plaintiff;

(g)     In *L.R., et al. v. County of Riverside, et al.*, case number 15-cv-1767, Defendant COUNTY settled with the family of an unarmed man who was killed by a use of force by a COUNTY Sheriff deputy.

(h)     In *Arocha v. County of Riverside, et al.*, case number 18-CV-01585, Defendant COUNTY settled with an unarmed man who was beaten unconscious and suffered a traumatic brain injury as a result of force by COUNTY Sheriff's deputies.

69.     By reason of the aforementioned acts and omissions of DEFENDANTS COUNTY OF RIVERSIDE and DOES 7-10, inclusive, PLAINTIFF suffered past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity.

70.     Accordingly, DEFENDANTS COUNTY OF RIVERSIDE and DOES 7-10, inclusive, each are liable for compensatory damages under 42 U.S.C. § 1983.

71.     PLAINTIFF also seeks attorneys' fees and costs under this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability for Failure to Train (42 U.S.C. §1983)

(By PLAINTIFF against COUNTY; and DOES 7-10, inclusive)

72.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 71 of this Complaint with the same force and effect as if fully set forth herein.

73.     Defendants LOMELI, SANDOVAL and DOES 1-6, inclusive, acted under color of law.

74.     The acts of Defendants LOMELI, SANDOVAL and DOES 1-6, inclusive, deprived PLAINTIFF of his particular rights under the United States Constitution.

75.     On information and belief, COUNTY failed to properly and adequately train Defendants LOMELI, SANDOVAL and DOES 1-6, inclusive, including but not limited to, with regard to the use of physical force, detention of an automobile, detention of a person, and arrest of a person.

76.   The   training   policies   of   DEFENDANT   COUNTY   OF RIVERSIDE were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including de-escalation techniques, and the use of less than lethal and lethal force.

77.   Moreover, the training policies of DEFENDANT COUNTY OF RIVERSIDE were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including ensuring traffic stops and detentions are legal and use of force is reasonable and not excessive.

78.   DEFENDANT COUNTY OF RIVERSIDE and DOES 7-10, inclusive, were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

79.   The failure of DEFENDANT COUNTY OF RIVERSIDE and DOES 7-10, inclusive, to provide adequate training caused the deprivation of PLAINTIFF'S rights by Defendants LOMELI, SANDOVAL and DOES 1-6, inclusive; that is, DEFENDANTS' failure to train is so closely related to the deprivation of PLAINTIFF'S rights as to be the moving force that caused the ultimate injury.

80.   The following are only a few examples of cases where the involved deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the County of Riverside failed to adequately train its deputies with regard to the use of force:

(a)   In *A.F., et al. v. County of Riverside, et al.*, case number 5:15-cv-01603, Defendant COUNTY settled with the family of a man who was attacked by a K-9 and shot by COUNTY sheriff's deputies;

(b)   In *Howard v. County of Riverside, et al.*, case number 5:12-cv-00700, Defendant COUNTY argued that the use of deadly force against an

unarmed individual was reasonable; a federal jury found otherwise and returned a verdict in favor of plaintiff, an unarmed man who suffered a severe brain injury and partial paralysis after a use of force by a COUNTY sheriff's deputy;

(c)     In *Travillion v. County of Riverside*, case number EDCV 14-0003 VAP (DTBx), the COUNTY settled with the family of a man who was killed as a result of a use of force by a COUNTY Sheriff's deputy;

(d)     In *Bosch v. County of Riverside*, case number EDCV 13-02352 (SVW)(FFM), the COUNTY settled with the family of an unarmed man who was killed by a use of force by a COUNTY Sheriff's deputy;

(e)     In *Castillo v. County of Riverside*, case number EDCV 13-00789 VAP (SPx), the COUNTY settled with the family of a man who was killed by a use of force by a COUNTY sheriff's deputy;

(f)     In *Munoz v. County of Riverside*, case number RIC120794, plaintiff argued that the involved COUNTY Sheriff's deputy used deadly force against her son at a time when he posed no immediate threat.  The jury in that case returned a verdict in favor of plaintiff;

(g)     In *L.R., et al. v. County of Riverside, et al.,* case number 15-cv-1767, Defendant COUNTY settled with the family of an unarmed man who was killed by a use of force by a COUNTY Sheriff deputy.

81.     By reason of the aforementioned acts and omissions, PLAINTIFF has suffered past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity.

82.     Accordingly, DEFENDANT COUNTY OF RIVERSIDE and DOES 6-10, inclusive, are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

83.     PLAINTIFF also seeks attorneys' fees and costs of suit.

**FIFTH CLAIM FOR RELIEF**

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

(By PLAINTIFF against COUNTY; and DOES 7-10, inclusive)

84.　PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 83 of this Complaint with the same force and effect as if fully set forth herein.

85.　Defendants LOMELI, SANDOVAL and DOES 1-6, inclusive, acted under color of law.

86.　The acts of Defendants LOMELI, SANDOVAL and DOES 1-6, inclusive, deprived PLAINTIFF of his particular rights under the United States Constitution.

87.　Upon information and belief, a final policymaker, acting under color of law, has a history of ratifying unreasonable uses of force, including deadly force.

88.　Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants LOMELI, SANDOVAL and DOES 1-6's, acts and the bases for them.　Upon information and belief, the final policymaker knew of and specifically approved of Defendants LOMELI, SANDOVAL and DOES 1-6's, acts.

89.　On information and belief, COUNTY final policymakers, including DOES 7-10, inclusive, knew that PLAINTIFF never presented a risk of harm to an officer or anyone else and that PLAINTIFF was always unarmed during the incident and complied with officers' commands.

90.　On information and belief, the official policies with respect to the incident are that officers are not to use force against an individual unless the

individual poses an immediate risk of bodily injury to the officers or others. The officers' actions deviated from these official policies because PLAINTIFF did not pose an immediate threat of death or serious bodily injury to the involved officers or anyone.

91. On information and belief, the COUNTY OF RIVERSIDE approved of the officers' actions after a hearing presented by the officers' legal counsel to DOES 7-10, inclusive, after which DOES 7-10, inclusive, found the officers' actions to be within the official policies of the Riverside County Sheriff's Department.  On information and belief, the basis for such approval was based on the deputies' self-serving statements that they feared PLAINTIFF presented a threat of harm to themselves or others, despite the plethora of evidence to the contrary, including evidence that PLAINTIFF was unarmed, submitted to the officers' commands when he heard them, and never presented a risk of harm to the officers or anyone else.

92. Upon information and belief, a final policymaker has determined that the acts of Defendants LOMELI, SANDOVAL and DOES 1-6 were "within policy."

93. The following are only a few examples of cases where the involved deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the COUNTY routinely ratifies such behavior:

(a) In *A.F., et al. v. County of Riverside, et al.*, case number 5:15-cv-01603, Defendant COUNTY settled with the family of a man who was attacked by a K-9 and shot by COUNTY sheriff's deputies;

(b) In *Howard v. County of Riverside, et al.*, case number 5:12-cv-00700, Defendant COUNTY argued that the use of deadly force against an

unarmed individual was reasonable; a federal jury found otherwise and returned a verdict in favor of plaintiff, an unarmed man who suffered a severe brain injury and partial paralysis after a use of force by a COUNTY sheriff's deputy;

(c)     In *Travillion v. County of Riverside*, case number EDCV 14-0003 VAP (DTBx), the COUNTY settled with the family of a man who was killed as a result of a use of force by a COUNTY Sheriff's deputy;

(d)     In *Bosch v. County of Riverside*, case number EDCV 13-02352 (SVW)(FFM), the COUNTY settled with the family of an unarmed man who was killed by a use of force by a COUNTY Sheriff's deputy;

(e)     In *Castillo v. County of Riverside*, case number EDCV 13-00789 VAP (SPx), the COUNTY settled with the family of a man who was killed by a use of force by a COUNTY sheriff's deputy;

(f)     In *Munoz v. County of Riverside*, case number RIC120794, plaintiff argued that the involved COUNTY Sheriff's deputy used deadly force against her son at a time when he posed no immediate threat.  The jury in that case returned a verdict in favor of plaintiff;

(g)     In *L.R., et al. v. County of Riverside, et al.,* case number 15-cv-1767, Defendant COUNTY settled with the family of an unarmed man who was killed by a use of force by a COUNTY Sheriff deputy.

94.     By reason of the aforementioned acts and omissions, PLAINTIFF has and will suffer past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity.

95.     Accordingly, DEFENDANTS COUNTY OF RIVERSIDE and DOES 7-10, inclusive, are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

96.     PLAINTIFF also seeks attorneys' fees and costs of suit.

COMPLAINT FOR DAMAGES

**SIXTH CLAIM FOR RELIEF**

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(By PLAINTIFF against all DEFENDANTS)

97.    PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 96, inclusive, as if fully set forth herein.

98.    DEFENDANTS LOMELI, SANDOVAL and DOES 1-6, inclusive, while working as officers, sergeants, and in other capacities, for the COUNTY Sheriff's Department, and acting within the course and scope of their duties, brutally attacked PLAINTIFF.  As a result of the actions of Defendants LOMELI, SANDOVAL and DOES 1-6, inclusive, PLAINTIFF was seriously injured.  Defendants LOMELI, SANDOVAL and DOES 1-6, inclusive, had no legal justification for using force against PLAINTIFF, and Defendants LOMELI, SANDOVAL and DOES 1-6's use of force while carrying out their duties as officers was unreasonable under the circumstances.

99.    At all relevant times, PLAINTIFF was not an immediate threat of bodily injury to anyone, including DEFENDANTS.

100.   DEFENDANT COUNTY and DOES 7-10, inclusive, are directly liable and responsible for the acts of Defendants LOMELI, SANDOVAL and DOES 1-6, inclusive, because COUNTY and DOES 7-10, inclusive, failed to adequately train, discipline, supervise, or in any other way control Defendants LOMELI, SANDOVAL and DOES 1-6, inclusive, in the exercise of their unlawful use of excessive and unreasonable force.

101.   DEFENDANT COUNTY is vicariously liable for the wrongful acts of Defendants LOMELI, SANDOVAL and DOES 1-6, inclusive, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment if the employees' acts would subject them to liability.

102.   The conduct of Defendants LOMELI, SANDOVAL and DOES 1-6, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling PLAINTIFF to an award of exemplary and punitive damages.

103.   PLAINTIFF is claiming past and future medical expenses pursuant to this claim and damages for loss of earning capacity.  PLAINTIFF also seeks attorneys' fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

## SEVENTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(By PLAINTIFF against all DEFENDANTS)

104.   PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 103, inclusive, as if fully set forth herein.

105.   Police officers, including DEFENDANTS, have a duty to use reasonable care to prevent harm and injury to others.  This duty includes using appropriate tactics, giving appropriate commands, giving appropriate warnings, and not using any force unless necessary, using the least amount of force necessary, and only using deadly force as a last resort.  These duties also include providing proper training and equipment to deputies so that they may perform their duties in accordance with the department policies; that is, properly investigating use of force incidents, and punishing, re-training, terminating, and/or prosecuting violators of those policies and the law.

106.   The DEFENDANTS breached their duty of care.   Upon information and belief, the actions and inactions of DEFENDANTS were negligent and reckless, including but not limited to:

23

(a)    the failure to properly and adequately assess the need to use force against PLAINTIFF;

(b)    the negligent tactics and handling of the situation with PLAINTIFF, including actions before the physical attack;

(c)    the negligent scope and manner of the detention, arrest, and use of force, against PLAINTIFF;

(d)    the failure to properly train and supervise employees, both professional and non-professional, including Defendants LOMELI, SANDOVAL and DOES 1-6, inclusive;

(e)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs and protect the rights of PLAINTIFF;

(f)    the negligent handling of evidence, witnesses, and the negligent investigation of the use of excessive force against PLAINTIFF; and

(g)    the failure to punish, re-train, terminate, and/or prosecute violators of department policies and the law.

107.  As a direct and proximate result of DEFENDANTS' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF was caused to suffer severe past and future mental and physical pain and suffering, loss of enjoyment of life, medical expenses, and lost earning capacity.

108.  At all relevant times, PLAINTIFF was not an immediate threat to anyone, including DEFENDANTS.

109. The COUNTY is vicariously liable for the wrongful acts of DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by

its employees within the scope of the employment if the employees' act would subject him or her to liability.

110.  PLAINTIFF seeks attorneys' fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

**EIGHTH CLAIM FOR RELIEF**

**(Violation of Cal. Civ. Code § 52.1 and California Common Law)**

(By PLAINTIFF against all DEFENDANTS)

111.  PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 110 of this Complaint with the same force and effect as if fully set forth herein.

112.  The Bane Act, the California Constitution and California common law prohibit the use of excessive force by law enforcement.  California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims.  See Bay Area Rapid Transit Dist. v. Superior Court, 38 Cal.App.4th 141, 144 (1995).  "[A] successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1."  Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing Cameron v. Craig, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); Bender v. Cnty. of L.A., 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane Act").

113. DEFENDANTS violated PLAINTIFF'S Fourth Amendment rights to be free from unreasonable seizures when they used excessive and unreasonable force against him.  DEFENDANTS specifically intended to violate PLAINTIFF'S constitutional rights as stated above, as demonstrated

by DEFENDANTS' reckless disregard for PLAINTIFF'S constitutional rights.  Thus, PLAINTIFF can recover for violation of the Bane Act.  *See Reese v. County of Sacramento*, 888 F.3d 1030, 1040-45 (2018).

114.  On November 25, 2021, DEFENDANTS seized PLAINTIFF when DEFENDANTS stopped him without cause, viciously beat him without cause, and asphyxiated him to unconsciousness without cause.

115.  DEFENDANTS violated PLAINTIFF'S Constitutional right to be free from unlawful search or seizure and to be free from excessive and unreasonable force by police officers.  DEFENDANTS intended to violate PLAINTIFF'S rights and/or acted with reckless disregard with regard to PLAINTIFF'S Constitutional rights, which is evidence that they intended to violate PLAINTIFF'S rights.

116.  PLAINTIFF was caused to suffer severe pain and suffering.  The conduct of DEFENDANTS was a substantial factor in causing the harm, losses, injuries, and damages of PLAINTIFF.

117. COUNTY is vicariously liable for the wrongful acts of DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

118.  The conduct of the individual DEFENDANTS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling him to an award of exemplary and punitive damages.  PLAINTIFF also seeks costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, SAUL MARTINEZ, requests entry of judgment in his favor against DEFENDANTS COUNTY, LOMELI, SANDOVAL, and DOES 1-10, inclusive, as follows:

1. For compensatory damages, according to proof at trial, under federal and State law;

2. For punitive and exemplary damages against the individual defendants in an amount to be proven at trial;

3. For statutory damages;

4. For reasonable attorneys' fees including litigation expenses;

5. For costs of suit and interest incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

Dated: July 12, 2022         **LAW OFFICES OF GRECH & PACKER**
                             **LAW OFFICES OF ARSANY A. SAID**


                             By:      _/s/     Trenton C. Packer_
                                   Trenton C. Packer, Esq.
                                   *Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby submits this demand that this action be tried in front of a jury.

Dated: July 12, 2022       **LAW OFFICES OF GRECH & PACKER**
                               **LAW OFFICES OF ARSANY A. SAID**


By:       */s/    Trenton C. Packer*
            Trenton C. Packer, Esq.
            *Attorneys for Plaintiff*